IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

Vs.                                                  No. 1:15-cr-02491-WJ

MICHAEL LIPPKE,

      Defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO MODIFY OR TERMINATE SUPERVISE (SIC) RELEASE

**THIS MATTER** is before the Court on the "Motion to Modify or Terminate Supervise Release Conditions as Unconstitutional as Applied Pursuant to 18§3585(e)(2) and Fed. R. Crim. P. 32.1(c)" filed pro se by Defendant Michael Lippke. (Doc. 43). The Court denies the Motion as meritless.[1]

In January of 2016, Defendant Michael Lippke pled guilty to Possession of a Matter Containing Visual Depictions of Minors Engaged in Sexually explicit Conduct in violation of 18 U.S.C. §§2252(a)(4)(B) and (b)(2). (Doc. 30, 31). Under a Rule 11(c)(1)(C) plea agreement, the Court sentenced him to 120 months of imprisonment, which represented the statutory minimum in light of his previous child pornography conviction. (Doc. 30, 38). Defendant was also sentenced to a five-year term of supervised release with mandatory special conditions due to the nature of his conviction. (Doc. 38 at 3, 7).

---

[1] Defendant Lippke insists the Court must hold a hearing on his motion under Fed. R. Crim. P. 32.1(c). However, Defendant misunderstands the Rule, which clearly states that a hearing is not required "if the relief sought is favorable to the person and does not extend the term of probation or of supervised release."

Defendant Lippke's Motion asks the Court to vacate all conditions of supervised release because he claims the imposition of supervised release violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. (Doc. 43 at 1, 7). Defendant Lippke's double jeopardy argument is premised on the fact that, if a defendant violates the terms of his supervised release, the supervised release may be revoked and the defendant may be subject to further incarceration and supervised release:

> "Upon revocation, the defendant is subject to up to 2 years in prison and the judge may impose a new term of supervision under 18§3583. The new term is not limited to any other previous terms of supervision or imprisonment. A judge may impose the same term or even a greater one, subject only to the statutory maximum, minus whatever the current term of imprisonment is. Statute does not provide any check on how many times this may occur. All federal defendants are subject to face any number of sentences, subject only to the discretion of his judge. Subject to being place in jeopardy twice, three times, fifty or even put through it over and over for the rest of his life, cycling in and out of prison."

(Doc. 43 at 3-4).

Defendant Lippke's argument, however, has been consistently rejected by the Courts. The Double Jeopardy Clause of the Fifth Amendment states that: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause protects a person from receiving "multiple punishments for the same offense." *Schiro v. Farley,* 510 U.S. 222, 229 (1994).

Congress has explicitly stated that a term of supervised release is "a part of the sentence." 18 U.S.C. § 3583(a). As such, supervised release is not a multiple punishment and does not violate the Double Jeopardy Clause because it is merely a portion of the single punishment the defendant received. *United States v. Walter,* 223 Fed. Appx. 810, 812 (10th Cir.2007); *United States v. Amer,* 110 F.3d 873, 884 (2d Cir.1997); *United States v. Soto–Olivas,* 44 F.3d 788, 790 (9th Cir.1995).

Section 3583(a) of Title 18 explicitly allows the court to "include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." *See also United States v. Robinson,* 62 F.3d 1282, 1285 (10th Cir.1995). The supervised release term is not a multiple punishment but a congressionally authorized part of the original sentence. *See* § 3583(a).

Congress has authorized imposition of supervised release in addition to imprisonment. *See* 18 U.S.C. § 3583(a). It is of no consequence that the term of supervised release or any potential imprisonment stemming from revocation of supervised release, added to the term of imprisonment imposed based upon the statute of conviction, might exceed the maximum period of imprisonment authorized under the statute of conviction. *See Robinson,* 62 F.3d at 1285. Defendant's contention that imposition of supervised release violates his Constitutional right to protection against double jeopardy is without merit.

**IT IS ORDERED** that the "Motion to Modify or Terminate Supervise Release Conditions as Unconstitutional as Applied Pursuant to 18§ 3585(e)(2) and Fed. R. Crim. P. 32.1(c)" filed by Defendant Michael Lippke (Doc. 43) is **DENIED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE